## GOODWIN *v.* CULPEPPER.

1. The evidence was sufficient to support the verdict in favor of the plaintiff.
2. As illustrating the question of ownership of the land in controversy, evidence was introduced by the plaintiff to the effect that he had paid taxes upon it for many years; and the court with reference to this testimony charged the jury as follows: "Some evidence has been introduced in the case with respect to payment of taxes; said evidence being offered by the plaintiff. The plaintiff does not contend that the payment of such taxes gives a title to the property. The evidence is offered and allowed to be introduced to throw light, if any, as a circumstance upon the relative rights of the parties to the case." This charge was not error upon the ground urged, that it expressed an opinion as to what had been proved. Nor was it error upon any other ground urged by the plaintiff in error.

No. 5625. NOVEMBER 24, 1926.

Ejectment. Before Judge W. E. Thomas. Lowndes superior court. August 9, 1926.

*F. S. Harrell,* for plaintiff in error.

*G. A. Whitaker* and *Copeland & Dukes,* contra.

BECK, P. J. J. E. Culpepper brought ejectment against T. E. Goodwin, for the recovery of a tract of land containing five acres. It appears from the evidence that a former owner of the land in question offered the same for sale at public auction, and that it was bid off by Goodwin at the price stated. The amount bid at the auction was $305, and Goodwin paid $25 on the purchase-price. Culpepper advanced the money that paid the balance of the purchase-price. He contends that at Goodwin's solicitation he took over the bid; that Goodwin stated to him that he was unable to pay for the land, that he did not have the necessary funds with which to pay for it, and requested him (Culpepper) to take the title to the property; that Goodwin said nothing at the time about having paid any part of the purchase-price; that he (Culpepper) did take the property according to the understanding between him

---

Ejectment, 19 C. J. p. 1178, n. 30.
Trial, 38 Cyc. p. 1653, n. 11 New.

and Goodwin, and the deed was made to him; that Goodwin was then engaged in the dairy business, and Culpepper allowed him as his tenant to occupy the place and cultivate it; that Goodwin's possession was by his express permission; and that the first time Goodwin made any claim adverse to plaintiff's title was when the latter entered into negotiations for the sale of the land about four or five years prior to the trial. Goodwin denied this, but insisted that Culpepper had agreed to borrow the money and pay for the land for him (Goodwin); that he did not know that Culpepper had taken the title to himself; that there was no agreement between him and Culpepper as to rent when he went into possession of the property; and that plaintiff did not claim title until he tried to sell it, and that was the first he ever heard of that claim. Culpepper testified that he had paid the taxes every year except one; but Goodwin insisted that while Culpepper gave in the tract of land for taxes together with other lands of the plaintiff, he spoke to him twice about dividing it, but that Culpepper insisted on paying the taxes. Goodwin further stated that he had claimed both title and the right of possession since the day of the auction sale; that $280 is what he thought he owed Culpepper after the latter paid the amount bid; that he had, in various ways set forth in his evidence, fully paid Culpepper the $280. There was other evidence supporting the contentions of the plaintiff and the defendant. The evidence was in sharp conflict. The jury returned a verdict for the plaintiff. The defendant made a motion for new trial, which was overruled.

1. The original motion for new trial contains the usual general grounds. Upon consideration of the evidence in the case, we are of the opinion that the evidence supported the verdict.

2. The amendment to the motion for new trial contains one ground. The plaintiff's evidence showed that he had paid the taxes for many years upon this property; that the defendant had only paid the taxes one year; that was when the plaintiff was in another State. The court's charge to the jury contains the following in reference to the payment of taxes: "Some evidence has been introduced in the case with respect to payment of taxes; said evidence being offered by the plaintiff. The plaintiff does not contend that the payment of such taxes gives a title to the property. The evidence is offered and allowed to be introduced to

throw light, if any, as a circumstance upon the relative rights of the parties to the case." This charge is excepted to on the ground that "it expresses an opinion as to what was proved regarding the payment of taxes and by whom the proof was submitted;" and on the further ground that it is confusing and misleading, and does not clearly instruct the jury as how such evidence should be considered by the jury as a circumstance regarding the relative rights of the parties to the case." We do not think that the charge excepted to contained an expression of opinion by the court as to what had been proved. There is no question that evidence had been introduced with respect to the payment of taxes, and had been introduced by the plaintiff; and it was not improper for the court to state, in reference to this evidence, that it was offered and allowed to throw light, if any, as a circumstance upon the relative rights of the parties to the case. The court did not even instruct the jury that this evidence did throw any light upon the question at issue, but allowed the jury to say whether or not it did, and to give the evidence such weight as it was entitled to. Nor could the charge have the effect of confusing the jury. It was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*